By the Court,

Bronson, J. ■
It was formerly necessary that the consent of the father, or other proper person, to the binding, should be expressed in the indenture, and that he should seal and sign the same. (2 R. L. 135, § 2.) When the father went beyond the expression of his consent, and covenanted for performance on the part of the apprentice," he was held liable for a breach of the indenture by the apprentice. (Bull v. Follett, 5 Cowen, 170.) It seems to have been supposed by one of the subsequent revisers of the laws, that the guardian was in that case held liable when he only intended to signify his consent to the binding; and it is now provided, that “ such consent shall be signified in writing, by the person entitled to give the same, by a certificate at the end of, or endorsed upon, the indentures, and not otherwise.” (2 R. S. 154, § 3.) The legislature evidently intended to alter the law on this subject; and the consent of the father expressed in the body of this indenture, and manifested by his signing the instrument, was not sufficient. But it did no harm. It could not render it improper for the father to add or endorse his consent in the form prescribed by the statute; and that he has done. His consent was “ signified in writing, by a certificate at the end of the indentures.” True, he has not *598 in that writing said, in terms, “ I consentbut he has used words which are fully equivalent. After declaring his “ consent” in the body of the indenture, he adds, “ at the end” an express covenant that the apprentice “ shall in all things well and truly keep and observe this indenture.” I cannot entertain a doubt that there has been a full compliance with the statute, and that the indentures are valid.
Proceedings reversed.